UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE MIZE,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>        Defendant. | No. 2:18-cv-03202-AC<br><br><br>ORDER |

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

      For the reasons that follow, the court will grant plaintiff's motion for summary judgment, and deny the Commissioner's cross-motion for summary judgment.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and for supplemental security income on May 31, 2016. Administrative Record ("AR") 17.[2] The disability onset date for both applications was alleged to be January 1, 2009 and subsequently amended to May 31, 2016. Id. The applications were disapproved initially and on reconsideration. Id. On July 25, 2018, ALJ John D. Sullivan presided over the hearing on plaintiff's challenge to the disapprovals. AR 34-61 (transcript). Plaintiff was present and testified at the hearing. AR 36. Plaintiff was represented by Mark Manning, Esq., at the hearing. Id. Also present was Vocational Expert Susan Kathleen Foster ("VE"). Id.

On August 15, 2018, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 17-26 (decision), 27-33 (exhibit list). On October 19, 2018, after receiving counsel's Representative Brief as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 3-7 (decision).

Plaintiff filed this action on December 13, 2018. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383(c)(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 11 (plaintiff's summary judgment motion), 17 (Commissioner's summary judgment motion), 18 (plaintiff's reply and opposition).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1974, and accordingly was 34 years old on the alleged disability onset date, making her a "younger person" under the regulations. AR 25; see 20 C.F.R. §§ 404.1563(c), 416.963(c) (same). Plaintiff has a high school education, and she can communicate in English. AR 25.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is

---

[2] The AR is electronically filed at ECF Nos. 10-3 to 10-24 (AR 1 to AR 1294).

supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . . .'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

4

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2021.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since May 31, 2016, the amended onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: bilateral carpal tunnel syndrome; bilateral hearing loss; degenerative disc disease of the lumbar spine; depression with anxiety; Asperger's disease; and degenerative joint disease of the bilateral knees (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to tasks involving up to 6 hours of sitting, and up to 6 hours of standing/walking in an 8-hour workday (with normal breaks). She can occasionally handle. She can occasionally climb stairs or ramps, but she must avoid climbing ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, or crawl. She is limited [to] work environments involving no more than moderate noise. She is limited to no more than simple, routine, repetitive tasks involving no more than simple decisions (with a reasoning level of 2 or less). She can tolerate no more than occasional interaction with co-workers, supervisors, or the general public.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Step 5] The claimant was born [in] 1974 and was 34 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 31, 2016, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 19-26.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 26.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to identify a significant number of jobs in the national economy that Monique Mize could perform, and (2) improperly discrediting plaintiff's testimony. ECF No. 11 at 6, 9. Because the court agrees with plaintiff as to the first issue and finds that a remand for immediate award of benefits is appropriate, the second issue is not addressed.

### A. The ALJ Failed to Identify a Number of Jobs That is Significant

The ALJ's conclusion of non-disability followed from his finding at Step Five that jobs exist in significant numbers in the national economy that plaintiff can perform, in light of her age, education, work experience and residual functional capacity. AR 25-26. According to the Social Security Act:

////

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . . For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A); see also 42 U.S.C. § 1382c(a)(3)(B). "Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where [a claimant lives] are not considered work which exists in the national economy." 20 C.F.R. § 416.966(b); see also Walker v. Mathews, 546 F.2d 814, 820 (9th Cir. 1976) ("[T]he statute does not ground an unfavorable disability determination in the existence of a few scattered jobs."). The Ninth Circuit has "never set out a bright-line rule for what constitutes a 'significand number' of jobs." Beltran v. Astrue, 700 F.3d 386, 389 (9th Cir. 1986). The burden of establishing that there exists other work in "significant numbers" lies with the Commissioner. Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).[3]

In this case, the ALJ questioned the VE about whether a hypothetical individual fitting plaintiff's description would be able to engage in her past work, and the VE answered no. AR 57. The ALJ next asked if there exists "any other job" in the national economy for an individual with plaintiff's vocational profile and residual functional capacity. Id. The VE responded, "There is one job . . . A light occupation, assembly machine tender." Id. The VE stated that there exist 8,233 such jobs in the national economy. Id. at 59. The ALJ expressly relied on this VE testimony to find that plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." AR 26.

The ALJ erred in finding that 8,233 jobs in the nation constitutes a "significant number" of available jobs. The Commissioner argues that 8,233 jobs is almost five times the number which the Ninth Circuit found insignificant in Beltran, supra. ECF No. 17 at 5. In that case, the

---

[3] "Significant numbers" of jobs may be identified on either a regional or a national basis. 20 C.F.R. § 416.966(a); Beltran, 700 F.3d at 389-390. In plaintiff's case, only national job numbers were considered.

7

Court of Appeals held that 1,680 jobs nationally did not constitute a significant number under 42 U.S.C. § 423(d)(2)(A). Beltran, 700 F.3d at 390. Beltran, however, did not establish a floor for determining a "significant number" of jobs. Id. ("We need not decide what the floor for a 'significant number' of jobs is…"). The fact that 1,680 jobs in the national economy is insignificant does not mean that 8,233 jobs nationally is significant.

Since Beltran, the Court of Appeals has found 25,000 jobs nationally to be significant, but characterized that as a "close call." Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 529 (9th Cir. 2014). In reaching its conclusion, the Gutierrez court noted Circuit precedent finding national job numbers well over 50,000 to be significant, in contrast to the 1,680 jobs at issue in Beltran. Gutierrez, 740 F.3d at 529 (citing cases finding 64,000 jobs, 125,000 jobs, and 622,000 jobs nationally to be significant numbers of jobs). All of these "significant" numbers, including the lowest of them in Gutierrez itself, are several orders of magnitude larger than the 8,233 jobs at issue here.

The Ninth Circuit has yet to endorse a number below 25,000 as significant within the meaning of the statute. Lisa L. v. Comm'r of Soc. Sec., No. 3:17-cv-01874-AA, 2018 WL 6334996, at *4 (D. Or. Dec. 5, 2018) (citing Gutierrez, 740 F.3d at 529); see also Lemauga v. Berryhill, 686 F. App'x 420, 422 (9th Cir. 2017). In fact, an unpublished Ninth Circuit decision interpreting Gutierrez found 10,000 likely an insignificant number of jobs. Randazzo v. Berryhill, 725 F. App'x 446, 448 (9th Cir. 2017); see also De Rivera v. Berryhill, 710 F. App'x 768, 769 (9th Cir. 2018) (5,000 jobs likely insignificant); Little v. Berryhill, 690 F. App'x 915, 917 (9th Cir. 2017) (18,500 jobs likely insignificant).

Defendant argues that what constitutes a significant number of jobs remains a factual determination reserved to the ALJ, and that cases like Gutierrez should not be determinative given that no bright-line rule exists. ECF No. 17 at 4-5. However, this court must review the ALJ's factual determinations to ensure they are supported by substantial evidence. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1996). The Ninth Circuit has itself advised that comparison to other cases is "instructive" to determining whether substantial evidence supports the determination that the number of available jobs is "significant." Beltran, 700 F.3d at 389-90. In

light of the Ninth Circuit's characterization of 25,000 jobs as a "close call," and 1,680 jobs as insignificant, the court finds that 8,233 jobs on the national level is not a "significant number." The ALJ's finding in this regard was not supported by substantial evidence.

   C. Remand for Benefits

The ALJ erred by incorrectly finding that a significant number of jobs existed for plaintiff in light of her RFC. This error was not harmless, because whether available jobs exist in significant numbers is determinative of disability. Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (citing 42 U.S.C. § 405). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). In brief, remand for further proceedings is inappropriate where the ALJ's error, considered in light of the record, indicates that the claimant is disabled. See Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011); Benecke, 379 F.3d at 593.

Here, no further factual development is needed to determine if a significant number of jobs exists. The ALJ, with input from the VE, failed to identify jobs with sufficient numbers in the national economy that plaintiff could perform consistent with the limitations the ALJ found she had. See AR 25-26. Having determined that the ALJ erred in concluding that a significant number of jobs existed, there is no material issue that the administrative agency can address on remand.[4]

The record clearly indicates that plaintiff is, in fact, disabled and entitled to benefits. Based on the record, the ALJ would have granted benefits to plaintiff but for the fifth step in the analysis, namely, the finding that a significant number of jobs existed. See AR 25-26. Since that finding is reversed, the only remedy left is an award of benefits. Any other remedy would

---

[4] Because 8,233 assembly machine tender jobs nationally is not significant, it is implausible that there exist a significant number of such jobs in Oregon, where plaintiff resided at the time of the hearing. See 42 U.S.C. § 1382c(a)(3)(B); Gutierrez, 740 F.3d at 528-29; AR 49.

"contribute to waste and delay" and would merely postpone "much needed income for claimants who are unable to work and are entitled to benefits." Benecke, 379 F.3d at 595.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17), is DENIED;

3. The matter is REMANDED to the Commissioner for an immediate award of benefits; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: February 3, 2020

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE